**SO ORDERED: March 03, 2005.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| KAY B. GALLAGHER, | ) | CASE NO. 03-18990-BHL-11 |
|     Debtor. | ) | |
| _____ | ) | |
| KAY B. GALLAGHER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Adv. No. 04-0299 |
| | ) | |
| FIFTH THIRD BANK, INDIANA | ) | |
| (CENTRAL), | ) | |
|     Defendant. | ) | |

**ORDER and MEMORANDUM**

This matter was initiated by the filing of a **Complaint to Avoid Preferential Transfer and Obligation Incurred** by the Plaintiff, Kay B. Gallagher ["Gallagher"] on May 3, 2004, and is now before the Court on the **Debtor-In-Possession's Motion for Partial Summary Judgment** filed on July 27, 2004. **Fifth Third Bank, Indiana (Central)'s Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment** was filed on August 25, 2004, and Gallagher filed a **Reply to Fifth Third Bank, Indiana (Central)'s Brief in Opposition to Plaintiff's Motion**

**for Partial Summary Judgment** on September 13, 2004.

The Court, having considered the foregoing, and for the reasons set forth below, finds that there is no genuine issue of material fact in dispute and judgment should be, and is accordingly, granted in favor of the Plaintiff on Count I of her Complaint.

## MEMORANDUM

This matter is before the Court on the request of the Debtor, Kay Gallagher ["Gallagher"] for entry of summary judgment on Count I of her Complaint to Avoid Preferential Transfer and Obligation Incurred which was filed on May 3, 2004, against the Defendant, Fifth Third Bank, Indiana (Central) [the "Bank"]. In her Brief in Support of Debtor-in-Possession's Motion for Partial Summary Judgment, Gallagher asserts that a certain judgment lien arose in favor of the Defendant in the 90-day period preceding the filing of her bankruptcy, that she was insolvent at that time, and that the Bank's judgment lien entitles the Bank to receive more than it would receive under a Chapter 7 proceeding. Gallagher argues that the judgment lien constitutes a preferential transfer subject to avoidance under section 547 of the Bankruptcy Code. The Bank responds that Gallagher's motion is premature because the other alleged joint creditors have not obtained joint judgments or taken any other action to preserve joint claims against the Debtor and her husband.

### Factual Background

On or about September 10, 2003, the Marion County Superior Court, in Cause No. 49D12-0212-CC-2116, entered summary judgment in favor of the Bank and against the Debtor and Richard Gallagher, jointly and severally, in the approximate amount of $3.8 million [the "Judgment"]. On October 8, 2003, the Debtor filed for relief under Chapter 11 of the Bankruptcy Code. Gallagher then filed the instant adversary proceeding on May 3, 2004, alleging that the Bank's Judgment constitutes a preferential transfer which was incurred while she was insolvent.

Gallagher claims to have four joint creditors: (1) the Bank, a joint judgment creditor in the amount of $3.8 million; (2) General Motors Acceptance Corporation ["GMAC"], a joint creditor in the amount of $30,702.24;[1] (3) Keith Knuth ["Knuth"], a joint creditor in the amount of $4,023.14; and (4) Kristine C. Smith ["Smith"], a joint creditor in the amount of $720.00. Neither Knuth nor Smith have filed claims.

Discussion

The Debtor contends that the creation of the Bank's judgment lien is a preference which should be avoided under 11 U.S.C. § 547. The issue in dispute, it seems, is whether the judgment lien would enable the Bank to receive more than it would have received if the case had been filed under Chapter 7 of the Bankruptcy Code. The Bank relies upon its status as the only joint judgment creditor as support for the fact that no other joint creditor has a valid interest in the entireties property and that the alleged existence of other joint creditors is irrelevant to the Debtor's motion.

Gallagher asserts that, under the Bankruptcy Code, the trustee or the debtor-in-possession has the power to sell entireties property under 11 U.S.C. § 363(h), and pay the proceeds to all the joint creditors. In re Paeplow, 972 F.2d 730, 735 (7th Cir. 1992)(citing In re Hunter, 970 F.2d 299, 309-310 (7th Cir. 1992)). She goes on to note that all joint creditors are entitled to receive the proceeds of the entireties property regardless of whether they have judicial liens. The Bank, citing Paeplow, responds that, unless the other joint creditors take action to obtain a judgment lien against the Debtor's entireties property, it is the only joint creditor entitled to reach the entireties property.

---

[1] GMAC has filed a proof of claim in the amount of $30,702.24. The Debtor has alleged that the vehicle securing GMAC's claim is worth less than $25,000.00, leaving GMAC with a general unsecured claim of approximately $5,702.24.

In the Hunter case, the Seventh Circuit recognized that entireties property presented a unique potential for fraud against joint creditors under the old Bankruptcy Act. Because entireties property did not enter into the bankruptcy estate, any unencumbered entireties property was sheltered when a single spouse filed bankruptcy. The bankruptcy discharge would release the debtor spouse from liability. That left joint creditors to pursue the remaining spouse, a judgment against whom would be ineffectual as against the entireties property. In order to counteract such abuse, bankruptcy courts would grant joint creditors a stay of the discharge in order to allow the creditors to pursue both spouses jointly in state court and reduce the claim to judgment, which could subsequently be levied against the entireties property regardless of discharge. In re Hunter, 970 F.2d 299, 302. Under the Act, therefore, the creditor had to obtain a judgment lien to have an actionable claim.

Under the Code, however, entireties property enters the bankruptcy estate. The Code provides that the trustee may sell both the debtor's and the spouse's interest in such property, subject to certain conditions. The proceeds are then distributed to joint creditors. *See* 11 U.S.C. § 363(j). The Court explained as follows:

> In enacting section 541, Congress intended to include within the bankruptcy estate a debtor's interest in entirety property. This is revealed by legislative history. It is also evident in the operation of sections 363 and 522 which, when read together, allow the trustee to make the entirety property available to satisfy claims of joint creditors. Several courts addressing this issue have come to the same conclusion.. . . (citations omitted).

970 F.2d 299, 305. There is, notably, no distinction among joint creditors and no requirement that they be judgment creditors.

Preferences are transfers in which an insolvent debtor favors certain creditors over others. *See,* King, 5 *Collier on Bankruptcy* ¶547.10 (15th ed. Rev. 2004). In this case, the creation of a judgment lien gave the Bank an unfair advantage over the other joint creditors. As a result, it

is a preference subject to avoidance. Based on the foregoing, the Court grants the Plaintiff's Motion for Partial Summary Judgment on Count I of her Complaint.

###

Distribution:

John R. Humphrey
Sommer Barnard, PC
One Indiana Square, Suite 3500
Indianapolis, IN 46204

Mark R. Wenzel
Alicia Mitchell Chandler
Krieg Devault, LLP
One Indiana Square, Suite 2800
Indianapolis, IN 46204

United States Trustee
101 W. Ohio Street, Suite 1000
Indianapolis, IN 46204

Kay B. Gallagher
9061 Crystal Lake Dr.
Indianapolis, IN 46240
Indianapolis, IN 46204